**Buchanan Ingersoll & Rooney** PC

**Andrew G. Hope**
andrew.hope@bipc.com

50 S. 15th Street, Suite 3200
Philadelphia, PA 19102
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

March 22, 2023

**VIA ECF**

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, New York 10007

  Re: ***Brown v. Wonder Works and Wonder Workshops, Inc.;***
     **Case No. 1:22-cv-10172-JHR-GWG**

Dear Judge Rearden:

  We represent Defendant Magic Makers, LLC d/b/a Wonder Works (sued herein as "Wonder Works and Wonder Workshops, Inc.") in the above-referenced action. Plaintiff effected service of the Complaint on December 18, 2022 and Defendant's initial deadline to respond was January 9, 2023. On January 6, 2023, the parties requested an extension of this deadline until January 23, 2023, which the Court granted. On January 19, 2023, the parties requested a second extension until February 22, 2023, which the Court also granted. On February 20, 2023, the parties requested a third extension until March 23, 2023, during which time the parties finalized the attached Settlement Agreement and proposed Consent Decree.

  The parties write to jointly request that the Court approve and so-order the enclosed Consent Decree. We submit that the Consent Decree is fair and reasonable and the public interest would not be disserved by its entry. *See SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). The Consent Decree is further fashioned as a reasonable resolution of the plaintiff's claims. *See, e.g. Yap v. Sumitomo Corp. of America*, No. 88 Civ. 700 (LBS), 1991 WL 29112, at *8–9 (S.D.N.Y. Feb. 22, 1991); (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 WL 15676, at *5–6 (S.D.N.Y. March 28, 1986) (determining that consent decree is fair, reasonable, adequate and supported by public policy).

      We thank the Court for its attention to this matter and remain available to discuss should any further information be required at this time.

Respectfully submitted,

*/s/ Andrew G. Hope*

Andrew G. Hope

cc:     Mars Khaimov, Esq. - via email